**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHEDEA L. NEAL, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00850-O-BP** |
| | § | |
| **EKRE OF TX, LLC, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 13, 2026, *pro se* Plaintiffs, Chedea L. Neal and Timothy Miles Richardson, filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. *See* ECF Nos. 1, 3.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Chedea L. Neal and Timothy Miles Richardson are the plaintiffs. They name EKRE of TX, LLC; Blueprint Title Company; Temple View Capital Funding, LP; and TVC Funding V, LLC, as defendants.

C. LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and

administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. Plaintiff Timothy Miles Richardson filed a motion for leave to proceed IFP, but Chedea L. Neal did not. *See* ECF No. 2. The Court ordered that by July 27, 2026, Plaintiffs must either pay the $405 filing and administrative fees for this action or Chedea L. Neal must file a proper motion to proceed IFP. *See* ECF No. 6. The Court explicitly warned Plaintiffs that failure to timely comply with its order might result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiffs to comply with the Court's order has passed. To date, Plaintiffs have not complied with the Court's order or otherwise attempted to cure the filing deficiency. Because Plaintiffs have failed to do so, this case is subject to dismissal for failure to comply with a Court order and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiffs' complaint for lack of prosecution and for failure to comply with a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14)**

**days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on August 25, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE